IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PATRICK B. KOMESHAK, d/b/a KOMESHAK**
**CHIROPRACTIC, and DALE FISCHER, D.C.,**
**d/b/a LEBANON CHIROPRACTIC,**
**individually and on behalf of others**
**similarly situated,**

**Plaintiffs,**

v.

**CONCENTRA, INC.,**

**Defendant.**                                         **No. 06-CV-103-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is a motion to remand submitted by Plaintiffs Patrick B. Komeshak and Dale Fischer (together, "Plaintiffs"). (Doc. 6.) Defendant Concentra ("Defendant") responds in opposition. (Doc. 23.) For the reasons below, the Court grants Plaintiffs' motion, and remands this matter to the St. Clair County Circuit Court.

### II. Background

This case has a somewhat lengthy procedural history. Plaintiffs originally filed their putative class action in state court on February 15, 2005, alleging violations of the **Illinois Consumer Fraud and Deceptive Practices Act, 815 ILL. COMP. STAT. 505/01 et seq.**, other state consumer-protection statutes, unjust

enrichment, and civil conspiracy. (Doc. 2.) On April 12, 2005, Defendant removed the case to federal court, arguing that federal jurisdiction was proper both under the **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332)** ("CAFA") and due to the fact that supplemental jurisdiction was conferred over the entire case by the presence of two necessary federal parties. Plaintiffs then filed a motion to remand, which this Court granted in part on October 7, 2005. Though the Court retained jurisdiction over the two parties Defendant claimed were necessary — the National Railroad Passenger Corporation ("NRPC") and the American Red Cross ("ARC") — Defendant promptly dropped its claims against those parties after the bulk of the case was remanded.

The case then resumed in St. Clair County Circuit Court, where Defendant filed a motion to dismiss. The state court denied that motion. In response, Defendant once again removed this matter to federal court, arguing that in its dismissal, the state court permitted Plaintiffs to add new claims to their suit, thus commencing a new case under CAFA. (Doc. 1.) Plaintiffs then filed a motion to remand (Doc. 6), which Defendant opposes (Doc. 23) and this Court now considers.

### III. Analysis

### A. Removal Standard

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. *See* **28 U.S.C. § 1441**; ***Caterpillar Inc.***

***v. Williams*, 482 U.S. 386, 392 (1987)**.  Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.  The burden of establishing jurisdiction in the federal courts falls on the party seeking removal.  ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**; *see also* ***Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)**.

### B.     The Class Action Fairness Act

CAFA was enacted by Congress on February 18, 2005, and applies to cases commencing thereafter.  **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332(d)(2))**.  A case "commences" for purposes of the CAFA when the plaintiff's complaint is filed in state court, not when it is removed.  ***Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005)** ("*Knudsen I*").  Routine amendments to the complaint relate back to the date of original filing and do not commence new suits.  ***Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749, 751 (7th Cir. 2005)** (noting that under Illinois law, which applies here, an amendment to a complaint relates back when the original complaint "'furnished to the defendant all the information necessary . . . to prepare a defense to the claim subsequently asserted in the amended complaint'" (citing ***Boatmen's Nat'l Bank of Belleville v. Direct Lines, Inc.*, 656 N.E.2d 1101, 1107 (Ill. 1995)**); *see also* ***Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006)**; ***Schillinger v. Union Pacific R.R.*, 425 F.3d 330 (7th Cir. 2005)**.

### C.     *Knudsen II* and Removal

Here, Defendant principally relies on ***Knudsen v. Liberty Mutual Insurance Co.*, 435 F.3d 755 (7th Cir. 2006)** ("*Knudsen II*") to support its arguments for removal. (*See* Docs. 1, 23.)  In ***Knudsen II***, the Seventh Circuit reviewed a district court's decision to remand.  The district court had remanded after finding that the case commenced prior to CAFA's effective date; from its perspective, a class-certification order that had altered the class definition did not commence a new case for CAFA purposes.  The Seventh Circuit disagreed.  It found that because the state court's class-certification order amended the class definition to include subsidiary claims that the defendant had not previously been made aware of, the new claims did not relate back to the date of the original complaint and therefore commenced a new action, which was removable under CAFA.  ***Knudsen II*, 435 F.3d at 757-58**.  Because the original complaint did not put the defendant on notice of the new claims, in other words, a new, removable case was commenced.  *Id.*

Defendant argues that the same logic can be applied to the instant facts. It maintains that in much the same way that the state court's class-certification order in ***Knudsen II*** added new claims that caused that case to be recommencemed, the state court's order here denying Defendant's motion to dismiss should be construed as adding new claims to Plaintiffs' case, thus recommencing the entire matter after CAFA's effective date and providing a valid basis for remand.  For support, it asserts that prior to the state court's ruling, it was unaware of the prospect that it might be

held liable for the conduct of its subsidiaries, and since the state-court ruling affirmed, by denying Defendant's motion to dismiss, that Defendant may indeed be liable for such conduct, the ruling commences a new action under CAFA. (Doc. 23.) This, it argues, provides a valid basis for removal to federal court. Plaintiffs disagree; they argue that the state court's denial of Defendant's motion to dismiss did not amend the original complaint and did not commence a new case for CAFA purposes. (Doc. 6.)

After considering the parties' arguments and the facts in this case, the Court declines to adopt Defendant's reasoning. There are several key facts here that distinguish this matter from **Knudsen II** and render Defendant's removal improper. To begin with, unlike in **Knudsen II**, the state court here, in denying Defendant's motion to dismiss, did not alter any aspect of Plaintiffs' complaint. In **Knudsen II**, that is, the state court affirmatively amended and expanded the plaintiffs' class definition to include claims involving several of the defendant's subsidiary companies. **Knudsen II, 435 F.3d at 756-57**. That is not the case here. In this matter, the state court merely declined to dismiss Plaintiffs' action on a theory set forth by Defendant. (Doc. 23, Ex. 19.) Defendant has failed to sufficiently explain how this act alone commences a new action. All aspects of Plaintiffs' complaint, after all, remain unchanged. Simply by declining to grant Defendant's motion to dismiss, the Illinois state court did not broaden the complaint or enlarge Plaintiffs' claims.

Moreover, even if the state court's denial of Defendant's motion to

dismiss could somehow be construed as broadening Plaintiffs' original action to include new claims, those claims would relate back to the date of the original filing. As noted by the Seventh Circuit in ***Knudsen II***, in Illinois the question of whether an amendment to a complaint relates back to the date of original filing turns on whether "the original pleading furnishes the defendant with notice of the events that underlie the new contention." ***Knudsen II*, 435 F.3d at 757** (citing **735 ILL. COMP. STAT. 5/2-616(b)**; ***Zeh v. Wheeler*, 489 N.E.2d 1342, 1349 (Ill. 1986)**).  Defendant argues that Plaintiffs' complaint did not provide it with notice that it might be liable for the conduct of its subsidiaries.  (Docs. 1, 23.)  As Defendant itself acknowledges, however, Concentra is no more than a holding company that "conducts no business" on its own.  (Doc. 23, p. 2; Thompson Aff., ¶ 2.)  Given Defendant's recognition of this fact, the Court cannot grasp how the complaint's allegations — including allegations that Defendant "administers [property and casualty policies]," "den[ied] payments," "improperly withheld payments," and "manipulated computer codes to arbitrarily reduce payouts" (Doc. 2, pp. 1-2) — could have failed to furnish Defendant with notice that it was being sued for the conduct of its subsidiaries, who are the very parties, as Defendant points out (Doc. 23, pp. 2-3), that perform the tasks Plaintiffs allude to.  Defendant, in fact, acknowledged its awareness of the prospect that subsidiary liability could flow from Plaintiffs' complaint in its own third-party complaint against NRPC and ARC; there, it stated that it sought indemnification for "any part of the damages award related to payment for services rendered to Amtrak

employees." (Doc. 23, Ex. 10, ¶ 18.) Because Defendant admits that it "conducts no business," these services necessarily would have been performed by Defendant's subsidiaries.[1]

Accordingly, the Court finds that the state court's denial of Defendant's motion to dismiss did not commence a new case, and thus that Defendant's second removal was improper.

### IV. Conclusion

For the reasons above, the Court **GRANTS** Plaintiffs' motion to remand (Doc. 6), and **REMANDS** this matter to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED**.

Signed this 30th day of March, 2006.

/s/      David RHerndon
**United States District Judge**

---

[1] Defendant argues, citing various cases, that contentions in a third-party complaint should not be considered judicial admissions. (Doc. 23, p. 15, n.44.) That argument, however, has no bearing in the context of this Court's consideration of Plaintiffs' motion to remand. The significance of the statements in Defendant's third-party complaint is simply that such statements reveal that Defendant was on notice that Plaintiffs' action could lead to subsidiary liability. This fact, of course — that Defendant was "on notice" — is crucial to the operation of the "relation-back" doctrine employed by Illinois courts. *See **Zeh*, 489 N.E.2d at 1349**.